UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, SOLELY IN ITS CAPACITY AS TRUSTEE FOR NATIXIS COMMERCIAL MORTGAGE SECURITIES TRUST 2022-JERI, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2022-JERI (FOR THE BENEFIT OF THE CERTIFICATEHOLDERS), acting by and Midland Loan Services, a division of PNC Bank National Association as Special Servicer under the Trust Servicing Agreement dated as of April 18, 2022,<br><br>Plaintiff,<br><br>v.<br><br>JERICHO PLAZA PORTFOLIO LLC; MENACHEM MEISNER; POWER-FLO TECHNOLOGIES INC. d/b/a UNITED ELECTRIC POWER; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; LIBERTY ELEVATOR CORPORATION; JE GRANT ASSOCIATES LLC d/b/a ENERGY PLUS SOLUTIONS and "JOHN DOE" No. 1 though "JOHN DOE" No. 100,<br><br>The names of the "John Doe" Defendants being Fictitious and Unknown to Plaintiff, the Persons and Entities Intended Being Those Who May Be in Possession of, or May Have Possessory Liens or Other Interests in, the Premises Herein Described,<br><br>Defendants. | Civil Action File No.<br>_____<br><br><br><br><br><br><br><br><br>**PLAINTIFF'S**<br>**RULE 7.1 STATEMENT** |

Pursuant to Federal Rule of Civil Procedure 7.1, plaintiff U.S. Bank Trust Company, National Association, solely in its capacity as Trustee ("Trustee") for Natixis Commercial Mortgage Securities Trust 2022-Jeri, Commercial Mortgage Pass-Through Certificates, Series 2022-Jeri ("Trust"), for the benefit of the Certificate Holders) (Trustee as trustee of the Trust shall be referred to hereinafter as "Plaintiff"), acting by and through Midland Loan Services, a division

1

of PNC Bank National Association ("Special Servicer"), as Special Servicer under the Trust and Servicing Agreement dated as of April 18, 2022 (the "TSA"), by and through the undersigned counsel, hereby makes the following disclosure:

U.S. Bank Trust Company, National Association ("U.S. Bank") is a national banking association organized under the laws of the United States, and a wholly owned subsidiary of its parent U.S. Bancorp, a publicly held company. U.S. Bancorp has no parent company, and not publicly held company owns 10% or more of its stock.

This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees, and complete diversity of citizenship exists between Plaintiff, a citizen of Ohio, and each of the defendants, which are citizens or subjects of Delaware, New Jersey and New York.

For purposes of diversity jurisdiction under 28 U.S.C. §1348, Plaintiff is a citizen of Ohio because it is a national banking association whose main office, is located in the State of Ohio.

Upon information and belief, based on, among other things, Borrower's Corporate Certificate, dated as of December 31, 2021, executed in connection with Loan (as defined below), Borrower is a Delaware limited liability company. As a limited liability company its citizenship is determined by that of its members. Upon information and belief, Borrower's sole member is Jericho Plaza Mezz LLC, a Delaware limited liability company ("Jericho Plaza Mezz"). Upon information and belief, the sole member of Jericho Plaza Mezz is Jericho Plaza Members LLC, a Delaware limited liability company ("Jericho Plaza Members"). Upon information and belief, and according to the organization chart provided by Borrower in connection with the Loan, the members of Jericho Plaza Members are (1) Menachem Meisner ("Meisner") a New Jersey resident; (2) Mark J. Nussbaum a New Jersey resident; (3) Abe Mertz a New Jersey resident; (4) Jason

David a New Jersey resident; (4) Shaul Greenwald a New Jersey resident, and Jericho Plaza GP LLC, a Delaware limited liability company, whose sole member is Meisner. Upon information and belief, based on the New Jersey citizenship of its member, Borrower is a citizen of New Jersey.

1. Defendant DTF is a citizen of the State of New York.

2. Defendant Power-Flo is a citizen of the State of New York.

3. Defendant Liberty is a citizen of the State of New Jersey.

4. Defendant JE is a citizen of the State of New Jersey.

5. This Court has personal jurisdiction over the defendants pursuant to Rule of Civil Procedure 4, and CPLR 301, 302(a)(1) and 302(a)(4), This Court also has personal jurisdiction over Borrower under Section 11.6(b), pursuant to which Borrower irrevocably submitted to the jurisdiction of the Court.

Dated: New York, New York
       February 7, 2024

**HOLLAND & KNIGHT LLP**

By: /s/ Stacey A. Lara
Keith M. Brandofino
Stacey A. Lara
Dani Estis
*Attorneys for Plaintiff*
31 West 52nd Street
New York, New York 10019
(212) 751-3281
keith.brandofino@hklaw.com
stacey.lara@hklaw.com
dani.estis@hklaw.com

527548.000011 24910115.4