UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, SOLELY IN ITS CAPACITY AS TRUSTEE FOR NATIXIS COMMERCIAL MORTGAGE SECURITIES TRUST 2022-JERI, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2022-JERI (FOR THE BENEFIT OF THE CERTIFICATEHOLDERS), acting by and Midland Loan Services, a division of PNC Bank National Association as Special Servicer under the Trust Servicing Agreement dated as of April 18, 2022,<br><br>Plaintiff,<br><br>v.<br><br>JERICHO PLAZA PORTFOLIO LLC; MENACHEM MEISNER; POWER-FLO TECHNOLOGIES INC. d/b/a UNITED ELECTRIC POWER; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; LIBERTY ELEVATOR CORPORATION; JE GRANT ASSOCIATES LLC d/b/a ENERGY PLUS SOLUTIONS; and "JOHN DOE" NO. 1 THROUGH "JOHN DOE" NO. 100,<br><br>The names of the "John Doe" Defendants being Fictitious and Unknown to Plaintiff, the Persons and Entities Intended Being Those Who May Be in Possession of, or May Have Possessory Liens or Other Interests in, the Premises Herein Described,<br><br>Defendants. | Civil Action File No.<br>_____ |

**LOCAL RULE 6.1(D) EMERGENCY DECLARATION
OF STACEY A. LARA IN SUPPORT OF PLAINTIFF'S
APPLICATION FOR THE IMMEDIATE APPOINTMENT OF A RECEIVER**

Stacey A. Lara hereby declares under penalty of perjury:

1

1. I am a partner of the law firm, Holland & Knight LLP, attorneys for the plaintiff U.S. Bank Trust Company, National Association, solely in its capacity as Trustee ("Trustee") for Natixis Commercial Mortgage Securities Trust 2022-Jeri, Commercial Mortgage Pass-Through Certificates, Series 2022-Jeri ("Trust"), for the benefit of the Certificate Holders) (Trustee as trustee of the Trust shall be referred to hereinafter as "Plaintiff"), acting by and through Midland Loan Services, a division of PNC Bank National Association ("Special Servicer"), as Special Servicer under the Trust and Servicing Agreement dated as of April 18, 2022 (the "TSA")

2. I submit this emergency declaration in support of Plaintiff's application seeking an Order: (i) appointing Ian Lagowitz of Trigild IVL Group, LLC, as receiver to take immediate possession and control of the assets of Jericho Plaza Portfolio LLC (the "Borrower"), including, without limitation, certain real property and improvements located at One Jericho Plaza and Two Jericho Plaza, Jericho, New York 11753 (Section: 11; Block: 355; Lots: 31 and 32) and more particularly described in Exhibit A annexed to the Complaint filed herein (the "Property"); and (ii) granting such other and further relief as this Court deems just, proper and equitable.

3. On February 7, 2024, Plaintiff commenced this action by filing a Complaint pursuant to which Plaintiff seeks to enforce certain of its contractual rights following Borrower's default on a loan in the original principal amount of $149,180,000.00, repayment of which is secured by the Property and guaranteed pursuant to a Guaranty of Recourse Obligations of Menachem Meisner. A copy of the Complaint is annexed hereto as <u>Exhibit A.</u>

4. As more fully set forth in the accompanying declaration of Christopher G. Hamilton, sworn to on February 7, 2024, and the exhibits annexed thereto (the "Hamilton Declaration"), Plaintiff is threatened with material losses and injuries, including Borrower's Assets suffering waste and a dissipation or diminution in value if a receiver is not appointed and Borrower

remains in control of them. For the reason explained below, and in the Hamilton Declaration, proceeding by notice of motion would jeopardize this Court's ability to grant full and effective relief both on this application and on the merits of the Plaintiff's Complaint.

5. The Loan Documents grant Plaintiff the right, upon an event of default, to seek the appointment of a temporary receiver of the Property, without notice, and without regard for the adequacy of the security for the Debt or solvency of the Borrower or of any person liable for the Debt. *See* Hamilton Decl., ¶¶ 22-32.

6. Here, the immediate appointment of a temporary receiver of the Borrower's Assets and Property is urgent. Despite Special Servicer providing more than $5 million to Borrower in 2023, in direct violation of its obligations under the Loan Documents, Borrower failed to pay operating expenses at the Property – committing waste, causing liens to be filed against the Property and threatening the operation and maintenance of the Property and the safety of its tenants (and their employees). *See* Hamilton Decl., ¶ 49.

7. Borrower's failure and refusal to use the funds provided to it by Plaintiff for their intended purpose (*i.e.* the payment of Borrower's approved Operating Budget Expenses) has resulted in safety, security and maintenance issues at the Property impacting tenants, their employees, workers at the Property, and foreseeably, any emergency fire, police, ambulance workers directed to the Property.

8. An Open Invoice List (the "Open Invoice List") prepared by Borrower's management company, AMI Management LLC, there is more than $3 million in amounts due to vendors for the Property. Some of the open vendor expenses relate to vital services such as: sanitation, elevator maintenance, electricity, fire safety, security and porter and cleaning services, and HVAC repairs. *See* Hamilton Decl., ¶ 50, Exhibit 10.

3

9. PSEG, the provider of electricity to the Property, placed a "Notice of Intention to Discontinue Electric Service" on the doors of all tenants at the Property advising that unless payment in the amount of approximately $660,000.00 was received before 9:00 am. on February 6, 2024, electric service to the Property will be discontinued. Representatives of tenants at the Property provided the notice to Plaintiff advising that "[t]his notice was placed on the doors of all tenants in the building . . . EY and Cantor are incredibly concerned about their ability to operate their businesses in the complex. . . ." *See* Hamilton Decl., ¶ 51, Exhibit 11.

10. Despite demand to Borrower to pay the amounts due to PSEG prior to February 6, 2024, and to pay all amounts due on the Open Invoice List, Borrower refused to pay . *See* Hamilton Declaration, ¶ 52.

11. As a result, Special Servicer on behalf of Plaintiff, contacted PSEG and obtained an extension to pay the amount due (now approximately $841,234.87) <u>by February 9, 2024</u>. *See* Hamilton Decl., ¶ 53.

12. The Events of Default further demonstrate that a receiver is needed in order to effectively operate and manage the Property and prevent further waste by Borrower.

13. Moreover, Special Servicer has ascertained, based on conversations with Borrower's representatives, that rather than paying its operating expenses as required under the Loan Documents, Borrower made distributions of almost $5 million to its investors.

14. In light of Borrower's blatant disregard for the operation, management and safety of the work environment at the Property, and payment of amounts due and owing to vendors who provided services, materials and labor at the Property, a receiver is not only permitted under the Loan Documents but is also needed immediately to ensure the continued operation of the Property.

15. Annexed hereto as <u>Exhibit B</u> are materials detailing the professional background of proposed receiver Ian Lagowitz, of Trigild IVL Group, LLC.

16. A proposed form Order granting the within requested relief is annexed hereto as <u>Exhibit C</u>.

17. Plaintiff has made no prior application for the relief sought herein.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on this 7th day of February, 2024.

                                                  /s/ Stacey Lara
                                                  Stacey A. Lara