UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF NATIXIS COMMERCIAL MORTGAGE SECURITIES TRUST 2022-JERI, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2022-JERI, acting by and through Midland Loan Services, a division of PNC Bank, National Association as Special Servicer under the Trust Servicing Agreement dated as of April 18, 2022,<br><br>Plaintiff,<br><br>v.<br><br>JERICHO PLAZA PORTFOLIO LLC; MENACHEM MEISNER POWER-FLO TECHNOLOGIES INC. d/b/a UNITED ELECTRIC POWER; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; LIBERTY ELEVATOR CORPORATION; JE GRANT ASSOCIATES LLC d/b/a ENERGY PLUS SOLUTIONS; and "JOHN DOE" NO. 1 THROUGH "JOHN DOE" NO. 100,<br><br>The names of the "John Doe" Defendants being Fictitious and Unknown to Plaintiff, the Persons and Entities Intended Being Those Who May Be in Possession of, or May Have Possessory Liens or Other Interests in, the Properties Herein Described<br><br>Defendants. | Civil Action File No.<br>_____ |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S APPLICATION FOR THE APPOINTMENT OF A RECEIVER

**HOLLAND & KNIGHT LLP**
Keith M. Brandofino
Stacey A. Lara
Dani Estis
*Attorneys for Plaintiff*
31 West 52nd Street
New York, New York 10019
(212) 751-3001
keith.brandofino@hklaw.com
stacey.lara@hklaw.com

# TABLE OF CONTENTS

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| FACTUAL BACKGROUND | 3 |
| ARGUMENT  PLAINTIFF IS ENTITLED TO THE APPOINTMENT OF A RECEIVER | 3 |
| CONCLUSION | 7 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brill & Harrington Invs. v. Vernon Sav. & Loan Ass'n*,
   787 F. Supp. 250 (D.D.C. 1992) ................................................................................ 3

*Citibank, N.A. v. Nyland (CF8) Ltd.*,
   839 F.2d 93 (2d Cir. 1988) .................................................................................... 3, 4

*Gustavia Home, LLC v. Rutty*,
   720 Fed.Appx. 27 (2d Cir. 2017) ............................................................................ 6

*Mancuso v. Kambourelis*,
   72 A.D.2d 636, 637, 421 N.Y.S.2d 130, 131 (3d Dep't 1979) ................................ 3

*U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC*,
   866 F. Supp. 2d 247, 250 (S.D.N.Y. 2012) .......................................................... 4, 5

*Varsames v. Palazzolo*,
   96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000) ............................................................... 5

**Statutes**

12 Fed. Prac. & Proc. Civ. § 2983 (3d ed.) .................................................................... 3

Fed. R. Civ. P. 66 ...................................................................................................... 1, 3

**INTRODUCTION**

U.S. Bank Trust Company, National Association, solely in its capacity as Trustee ("Trustee") for Natixis Commercial Mortgage Securities Trust 2022-Jeri, Commercial Mortgage Pass-Through Certificates, Series 2022-Jeri (the "Trust"), for the benefit of the Certificate holders ("Plaintiff"), acting by and through Midland Loan Services, a division of PNC Bank National Association ("Special Servicer"), pursuant to the Trust and Servicing Agreement dated as of April 18, 2022, submits this memorandum of law in support of its motion seeking an order appointing Ian Lagowitz of Trigild VL ("Trigild"), as receiver of the Borrower's Assets,[1] pursuant to Fed. R. Civ. P. 66 and granting such other and further relief as is just and proper.

By this action, Plaintiff seeks to foreclose the Mortgage securing the Loan in the original principal amount of $149,180,000.00 against, among other collateral, the Property. Borrower and Guarantor have caused numerous Events of Default to occur under the Loan Documents, which jeopardize the Property and Collateral securing the Debt due under the Loan. For example, in express violation of the terms of the Loan Documents, Borrower and Guarantor have: (i) failed to remit the Outstanding Principal Balance, all accrued and unpaid interest and all amounts due under the Loan Documents on the January 9, 2024 (the "Maturity Date"); (ii) misappropriated funds specially designated for the payment of operating expenses at the Property, which in turn constitutes breaches of various provisions in the the Loan Documents, including cash management defaults, and has resulted in the imposition of liens and a judgment against the Property. Moreover, Borrower and Guarantor's failure to pay operating expenses has resulted in more than $3 million in amounts due to vendors for the Property. These outstanding amounts are owed to vendors that

---

[1] Capitalized terms not defined herein shall have the same meanings as ascribed in the accompanying Declaration of Christopher G. Hamilton, sworn to on February 7, 2024 (the "Hamilton Decl."), and the Declaration of Stacey A. Lara, dated February 7, 2024 ("Lara Decl.").

provide vital services to the Property, including: (i) electricity; (ii) sanitation; (iii) fire safety; (iv) security and porter and cleaning services; and (v) HVAC repairs. Indeed, based on Borrower's and Guarantor's failure to pay electric charges at the Property to PSEG in the amount of over $800,000.00, PSEG has posted a notice of intention to discontinue all electric service at the Property if the amounts due and owing are not paid by Friday, February 9, 2024.

Based on these numerous and significant Events of Default, Plaintiff now moves for the appointment of a receiver of the Borrower's Assets during the pendency of this action. This Court should grant Plaintiff's motion for several reasons. First, the Loan Documents expressly provide that Plaintiff is entitled to the appointment of a receiver, without notice and without regard for either the adequacy of the security of the Debt or Borrower's solvency, and Borrower further acknowledged, and expressly and irrevocably consented to such appointment. Second, Borrower's failure and refusal to use the funds provided to it by Plaintiff for their intended purpose (*i.e.* the payment of Borrower's approved Operating Expenses) has resulted in safety, security and maintenance issues at the Property impacting tenants, their employees, and workers at the Property. Further, based on the notices placed at the Property by PSEG, the need for a receiver is urgent, in order to ensure that electricity at the Property is not discontinued. By failing to pay for operating expenses, and properly maintaining the Property, Borrower has jeopardized and continues to jeopardize Plaintiff's security interest. With Borrower's Assets serving as Plaintiff's primary, if not sole, source of recovery for the Loan, any significant diminution in value thereof would yield irreparable harm to Plaintiff. As Plaintiff possesses no other adequate remedy at law, this Court should grant Plaintiff's request for the appointment of a receiver over Borrower's Assets.

#240718002_v5 516952.00645

For the reasons more fully set forth below, Plaintiff respectfully requests that the Court grant this motion and appoint Ian Lagowitz as receiver of the Borrower's Assets.

## FACTUAL BACKGROUND

For a full recitation of the relevant facts, Plaintiff respectfully refers the Court to the Hamilton Declaration and the Lara Declaration, and the exhibits thereto, which are submitted in support of this Motion.

## ARGUMENT

## PLAINTIFF IS ENTITLED TO THE APPOINTMENT OF A RECEIVER

The Federal Rules of Civil Procedure "govern an action in which the appointment of a receiver is sought . . . [b]ut the practice in administering an estate by a receiver . . . must accord with the historical practice in federal courts or with a local rule." Fed. R. Civ. P. 66.

Upon an Event of Default, it is well established that federal courts may appoint a receiver where a note and security agreement authorize the remedy. *See Brill & Harrington Invs. v. Vernon Sav. & Loan Ass'n,* 787 F. Supp. 250, 253–54 (D.D.C. 1992) (*citing* § 2983 Appointment of Receivers, 12 Fed. Prac. & Proc. Civ. § 2983 (3d ed.) ("Creditors with a security interest in real property have a well-established interest in the property sufficient to support the appointment of a receiver")). "It is entirely appropriate for a mortgage holder to seek the appointment of a receiver where the mortgage authorizes such appointment, and the mortgagee has repeatedly defaulted on conditions of the mortgage which constitute one or more events of default." *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97–98 (2d Cir. 1988) (*citing Mancuso v. Kambourelis*, 72 A.D.2d 636, 637, 421 N.Y.S.2d 130, 131 (3d Dep't 1979)). Indeed, "the existence of a provision authorizing the application for a receiver in the event of a default, 'strongly supports the

3

appointment of a receiver' when there is a default*." U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC*, 866 F. Supp. 2d 247, 250 (S.D.N.Y. 2012) (*citing* Nyland, 839 F.2d at 97).

In addition to the legal authority empowering this Court to appoint a receiver, by the express terms of the Loan Documents, Borrower has expressly consented to the within requested relief should they default on the Loan, an event that has indisputably transpired. *See* Hamilton Decl., Ex 1 at §10.2.1). And, here, there is no question that Events of Default have occurred and are continuing entitling Plaintiff to the appointment of a receiver, including: (i) the failure to pay all amounts due and owing on the Maturity Date (the "Maturity Default"); Borrower and Guarantor's misappropriation of operating expenses and its failure to pay Other Charges and amounts due and comply with its cash management obligations, which constitute waste at the Property and is a direct violation of Borrower's obligations under the Loan Agreement and Loan Documents; and Borrower's blatant disregard and failure to maintain the Property in good and safe condition pursuant to Section 5.3.1 of the Loan Agreement, resulting in two liens and one judgment being filed against the Property. Id. ¶¶ 54-55. Accordingly, the appointment of a receiver is appropriate not only because federal law expressly authorizes it but because the Loan Documents provide Borrower's express consent to such an appointment following Borrower's numerous and significant defaults, which defaults are indisputable.

In addition to the foregoing, there exist other factors supporting Plaintiff's request for a receiver. In determining whether the appointment of a receiver is warranted, federal courts will also consider the following factors:

> Fraudulent conduct on the part of defendant; the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal remedies; the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and,

> in more general terms, plaintiff's probable success in the action and
> the possibility of irreparable injury to his interests in the property.

*Nesbitt Bellevue*, 866 F. Supp. 2d at 249-50 (granting motion to appoint receiver and citing factors) (*quoting Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000) (quoting 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure (1999)) (internal alterations omitted). Many of the foregoing factors also weigh in favor of the appointment of a receiver of the Property.

First, there is imminent danger that the Property will suffer further waste and diminish in value in the absence of an appointed receiver. The situation at the Property is now *urgent* as PSEG Long Island has placed a "Notice of Intention to Discontinue Electric Service" on the doors of all tenants at the Property stating that the failure to pay the amount of approximately $660,000.00 by February 6, 2024, will result in the discontinuance of all electric service to the Property. Representatives of EY and Cantor Fitzgerald, tenants at the Property, have sent notice of receipt of the PSEG Notice of Intention to Discontinue Electric Service – advising "[t]his notice was placed on the doors of all tenants in the building . . . EY and Cantor are incredibly concerned about their ability to operate their businesses in the complex. . . .". *See* Hamilton Decl. ¶51 and Ex. 11.[2] The discontinuance of electricity at the Property not only impacts the tenants' ability to operate their businesses, but also creates an immediate safety issue at the Property. The Borrower's failure and refusal to use the funds provided to it by the Plaintiff towards the payment of Borrower's approved Operating Expenses (as required by the Loan Agreement) has resulted in safety, security and maintenance issues at the Property impacting tenants, their employees, workers at the

---

[2] Because Borrower has refused to pay the amounts due, Plaintiff has negotiated an brief extension and the amount of over approximately $800,000.00 must be paid by Friday, February 9, 2024 in order to avoid termination of electric services at the Property. Hamilton Decl ¶¶. 51-52.

5

Property, and foreseeably, any emergency fire, police, ambulance workers directed to the Property. *See* Hamilton Decl. ¶60. Therefore, the appointment of a temporary receiver of the Property is justified and imperative. Further, there is a likelihood that Borrower is misappropriating funds at the Property for improper uses. In order to reconcile the amounts outstanding and past due, Plaintiff requested various financial reporting documents, including general ledgers, which Borrower recently provided. The general ledgers show that between March 2022 and December 2023, Borrower distributed $4,806,000.00 to investors. *See* Hamilton Decl. ¶¶63-65.

Second, Plaintiff's legal remedies would be inadequate in the absence of an appointed receiver. Thus, Plaintiff's primary, if not, sole source of recovery on the Loan is Borrower's Assets. With the status of the Property unknown to Plaintiff and potentially slipping into a state of abandonment, risk of waste and dissipation or diminution in the value of Plaintiff's collateral seems likely, if not, certain. A receiver is needed to immediately take possession of and preserve the Property until this action is resolved. Further, , the harm that Plaintiff would suffer, in the absence of an appointed receiver, far outweighs the harm that Borrower would suffer, should a receiver be appointed, especially in light of Borrower's prior consent to an appointed receiver in precisely this instance and its blatant disregard for the orderly operation, maintenance and safety of the Property and its tenants.

Third, and by virtue of Borrower's execution of the Loan Documents and subsequent default on the Loan, Plaintiff has shown its likelihood of success on the merits of its mortgage foreclosure claim under New York law. *See Gustavia Home, LLC v. Rutty*, 720 Fed.Appx. 27, 28 (2d Cir. 2017) ("In a foreclosure action under New York law, a plaintiff establishes its prima facie entitlement to summary judgment by producing evidence of the mortgage, the unpaid note and the defendant's default.") (citations omitted).

#240718002_v5 516952.00645

Finally, appointment of Ian Lagowitz as receiver for the Borrower's Assets would aid in the protection of the Property and preservation of its value. Receiver is managing director of Trigild, which boasts tremendous experience managing and acting as court-appointed receiver for properties such as the Property at issue here. <u>See</u> Lara Decl., Ex. B. With such experience and a national presence, Ian Lagowitz and Trigild uniquely suited to take possession of the Property, preserve its value and potentially avoid irreparable harm to Plaintiff's collateral.

Based on the foregoing, it is clear that many of the relevant factors for this Court's consideration support the appointment of a receiver herein.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion in its entirety.

Dated: New York, New York
February 7, 2024

**HOLLAND & KNIGHT LLP**

By: /s/ Stacey A. Lara
Keith M. Brandofino
Stacey A. Lara
Dani Estis
31 West 52nd Street
New York, New York 10019
(212) 751-3001
keith.brandofino@hklaw.com
stacey.lara@hklaw.com
dani.estis@hklaw.com
Attorneys for Plaintiff
*U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF NATIXIS COMMERCIAL MORTGAGE SECURITIES TRUST 2022-JERI, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2022-JERI,*