UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION,

                          Plaintiff,

        -v-

JERICHO PLAZA PORTFOLIO, LLC,

                         Defendants.

24 Civ. 917 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    Defendant JE Grant Associates LLC, a single-member limited liability company, has filed an Application for the Court to Request Counsel. Defendant prematurely moved for summary judgment, attempting to recover $78,514.13 he is allegedly owed for unpaid services he provided in the maintenance of certain real property that is the subject of the present case. The Court requests that pro bono counsel appear for the limited purpose of advising defendant on the claim it seeks to assert in its summary judgment motion.

    Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of defendant's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

    Pro bono counsel will not be obligated for any aspect of Defendant's representation beyond the matters described in this order. Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of defendant in this matter will terminate,

and pro bono counsel will have no further obligations or responsibilities to defendant or to the Court in this matter.

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent defendant for the limited purposes described above. The Court advises defendant that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent defendant. If an attorney volunteers, the attorney will contact defendant directly. There is no guarantee, however, that a volunteer attorney will decide to take the case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: April 18, 2024
         New York, New York