April 26, 2024

**VIA ECF:**
Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *U.S. Bank Trust Company, National Association, as Trustee v. Jericho Plaza Portfolio LLC;* Case No. 1:24-cv-00917-PAE

Dear Judge Engelmayer:

      Counsel for plaintiff U.S. Bank Trust Company, National Association, solely in its capacity as Trustee ("Trustee") for Natixis Commercial Mortgage Securities Trust 2022-JERI, Commercial Mortgage Pass-Through Certificates, Series 2022-JERI ("Plaintiff"), acting by and through Midland Loan Services, a division of PNC Bank National Association ("Special Servicer"), pursuant to the Trust and Servicing Agreement dated as of April 18, 2022, and counsel for defendants Jericho Plaza Portfolio LLC ("Borrower") and Menachem Meisner ("Guarantor" and, collectively, "Defendants") write jointly, pursuant to Your Honor's Notice of Initial Pretrial Conference Order, dated February 13, 2024 (the "Notice"), to submit this letter in advance of the Initial Pretrial Conference scheduled for April 30, 2024. *See* ECF No. 36.

**I.**    **Description and History of the Case**

Plaintiff's Position:

      This lawsuit arises out of a $149,180,000.00 loan (the "Loan") that Borrower obtained from Plaintiff's predecessor-in-interest, Natixis Real Estate Capital LLC ("Original Lender"), governed by a Loan Agreement dated as of December 31, 2021 (the "Loan Agreement"). In exchange for the Loan, Borrower executed, acknowledged, and delivered to Original Lender a Consolidated, Amended and Restated Promissory Note dated December 13, 2021, in the original principal amount of $149,180,000.00 (the "Note"), that certain Consolidated, Amended and Restated Mortgage, Assignment of Rents and Leases, and Security Agreement dated as of December 31, 2021 (the "Mortgage"), granting a security interest in certain real property and improvements located at: (i) One Jericho Plaza, Jericho, New York 11753; and (ii) Two Jericho Plaza, New York 11753 (collectively the "Property"), and all other documents executed in connection with the Loan (collectively, the "Loan Documents"), as more particularly described in Plaintiff's Complaint. *See* ECF No. 1.

      To further secure Borrower's obligations under the Loan, Guarantor executed, acknowledged, and delivered to Original Lender that certain Guaranty of Recourse Obligations ("Guaranty"), wherein and whereby Guarantor agreed to absolutely and unconditionally guaranty certain of Borrower's obligations relating to the Loan.

Honorable Paul A. Engelmayer, U.S.D.J.
April 26, 2024
Page 2

By virtue of an allonge to the Note dated April 18, 2022, specially indorsed in favor of Plaintiff (the "Allonge"), and an Assignment of Mortgage, Plaintiff is the current holder and assignee of the Note and Mortgage, and Loan Documents. Plaintiff has been in physical possession of the original Note, with Allonge firmly affixed thereto, Mortgage and Loan Documents, and remained so on the date this action was commenced, and remains so to this day.[1] A copy of the original Note, with the Allonge, firmly affixed thereto, was attached an exhibit to the Complaint, which itself demonstrates standing.[2]

As a result of Borrower's failure to pay all amounts due under the Loan on the January 9, 20024 Maturity Date,[3] Plaintiff commenced this action on February 7, 2024, asserting causes of action to: (i) foreclose the Mortgage, Plaintiff's security interest in the Property, and obtain possession of the Property (collectively, the "Foreclosure Claims"); (ii) appoint a receiver over the Property and Borrower's Assets; and (iii) breach of contract under the Guaranty. *See* ECF No. 1. Pursuant to the unambiguous terms of the Loan Documents and well-established New York law, Plaintiff is entitled to avail itself of such remedies.

Upon filing its Complaint, Plaintiff also moved by order to show cause for an order appointing a receiver of the Borrower's Assets ("Receiver Motion"). ECF Nos. 4-8. Defendants did not oppose the Receiver Motion, and this Court noted that Plaintiff's Complaint "demonstrates grounds for the appointment of a receiver of Borrower's Assets . . " and "that immediate and irreparable injury may result in the event a receiver is not appointed. . ." *See* ECF No. 33, at 2. Accordingly, this Court entered the Order Appointing a Receiver (the "Receivership Order"), and the Receiver thereafter filed its Oath and Bond. *See* ECF Nos. 39-40.

On April 8, 2024, Defendants filed motions pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) seeking dismissal (i) of Count I of the Complaint against Borrower "insofar as it seeks a deficiency judgment against Borrower and (i) the V Count of the Complaint against Guarantor. Plaintiff's opposition to the motions to dismiss is due on April 29, 2024, and Defendants' reply is due on May 13, 2024. *See* ECF Nos. 71-72.

On April 18, 2024, Plaintiff filed a motion seeking to amend the Receivership Order to permit the Receiver to engage a broker to market the Property for sale; and seek Court approval of any such potential offers to purchase the Property in accordance with the requirements of 28 U.S.C. § 2001. *See* ECF No. 82-85. Defendants filed opposition papers on April 12, 2024, and Plaintiff

---

[1] "A plaintiff has standing to commence a foreclosure action where it is the holder *or* assignee of the underlying note, either by physical delivery or execution of a written assignment prior to commencement of the action with the filing of the complaint". *See Aurora Loan Servs., LLC v. Taylor,* 25 N.Y.S.3d 612, 34 N.E.3d 363 (2015).

[2] *U.S. Bank Nat'l Ass'n v. Greenberg*, 168 A.D.3d 893, 895, 91 N.Y.S.3d 459, 461 (2d Dep't 2019)("Here, with plaintiff established, *prima facie*, its standing by demonstrating that the consolidated note was in its possession when it commenced the action, as evidenced by its attachment of a copy of the consolidated note endorsed in back to the summons and complaint.

[3] Plaintiff also alleges that Borrower has failed to pay more than $3 million in Operating Expenses and failure to pay charges (including charges for labor and materials), which has resulted in, *inter alia*, to date, liens and judgments being filed against the Property, waste of the Property, misappropriation of funds and a violation of the express representations, warranties and covenants contained in Schedule 4 of Loan Agreement.

filed its Reply papers on April 26, 2024. *See* ECF Nos. 77-78. Defendants' sur-reply is due on April 29, 2024. Plaintiff filed a request for a sur-reply date on April 22, 2024.

*Defendants' Position*:

On February 7, 2024, Plaintiff commenced this action against Defendants and certain other entities, asserting foreclosure of the Mortgage (Count I), security interest foreclosure (Count II), possession (Count III), appointment of a receiver (Count IV), and breach of the Guaranty (Count V). On February 12, 2024, at Plaintiff's request, and on the parties' consent, this Court appointed a receiver, Ian V. Lagowitz of Trigild IVL Group, LLC (the "Receiver"). ECF No. 33 ("Appointment Order"). The Appointment Order directs the Receiver to "take immediate possession of, hold, secure, take charge of, preserve and protect, to the exclusion of all others" the Property and other assets. *Id.* ¶ 1, at 3.

On April 8, 2024, Defendant Jericho Plaza Portfolio LLC (the "Borrower") filed a partial motion to dismiss the Complaint insofar as it seeks a deficiency judgment that is prohibited by the Loan Agreement. *See* ECF No. 72. Borrower separately intends to interpose a standing defense to Plaintiff's foreclosure claim. Based on documents provided thus far by Plaintiff, Plaintiff has failed to show, among other things, a complete chain of title reflecting valid assignment of the Note and Mortgage from the original lender to the depositor and then on to the Plaintiff. Establishing standing is a threshold issue for the Plaintiff, and Borrower is entitled to discovery to assess Plaintiff's standing, on which Plaintiff has the burden of proof. *See, e.g.*, *MLCFC 2007-9 Mixed Astoria, LLC v. 36-02 35th Ave. Dev.*, *LLC*, 116 A.D.3d 745, 746 (2d Dep't 2014) ("Where, as here, the issue of standing is raised by a defendant, a plaintiff must prove its standing to be entitled to relief.").

Also on April 8, 2024, Defendant Menachem Meisner (the "Guarantor") filed a motion to dismiss the Complaint's claim under the Guaranty in its entirety for failure to state a claim. The Plaintiff has indicated that it intends to stand on its original complaint and oppose this motion to dismiss. Should the Guarantor claim survive the motion to dismiss, there are numerous issues that will require discovery, including (but not limited to) discovery into Plaintiff's alleged loss and, relatedly, Plaintiff's valuation of the Property. *See, e.g.*, *IMH Broadway Tower Sr. Lender, LLC v. Hertz*, 415 F. Supp. 3d 455, 460 (S.D.N.Y. 2019) (requiring a showing that lender is "undersecured" to establish existence of a loss). In addition, expert discovery will likely be required to determine whether a deficiency exists that might support the Guarantor claim.

On March 26, 2024, Plaintiff filed a motion to amend the Receivership Order to authorize the Receiver to conduct a sales process for the Property. ECF Nos. 43–45. On April 12, 2024, Defendants opposed that motion on multiple grounds. ECF Nos. 77–78. On April 18, 2024, Plaintiff submitted a reply brief in further support of the sales process motion. ECF Nos. 82–84. On April 22, 2024, the Court authorized a sur-reply from Defendants, which is due on April 29, 2024. ECF Nos. 88.

Honorable Paul A. Engelmayer, U.S.D.J.
April 26, 2024
Page 4


## II. Contemplated Motions

*Plaintiff's Position*:

After the filing of Answers on behalf of Borrower and Guarantor, Plaintiff respectfully submits that this action will be ripe for a swift resolution via dispositive motion practice. As such, it is Plaintiff's intention, once issue is joined, to promptly submit a letter request that a pre-motion conference be held pursuant to Rule 3(H) of Your Honor's Individual Rules so that Plaintiff may obtain leave to file a motion, pursuant to Fed. R. Civ. P. 56, for summary judgment, and related relief. Plaintiff will also move to sever the claims against the Guarantor so that any discovery and liability relating to the Guarantor can be determined after the prosecution of the Foreclosure Claims are determined. Plaintiff asserts that, because there is no issue of fact with respect to the Foreclosure Claims and that Plaintiff possesses a *prima facie* entitlement to judgment thereon, waste of party resources would occur if the Parties unnecessarily engaged in lengthy discovery pursuant to the Civil Case Management Plan and Scheduling Order (the "Plan").

*Defendants' Position*:

As noted above, Borrower has filed a partial motion to dismiss the Complaint insofar as it asserts a deficiency claim, and Guarantor has filed a motion to dismiss the Complaint's Guarantor claim in its entirety. In addition, Borrower and Guarantor have opposed Plaintiff's motion to amend the Appointment Order to authorize a sales process for the Property. Lastly, Borrower is considering a motion challenging the Receiver's appointment of Onyx Equities as property manager, rather than a typical, institutional, third-party property manager.

## III. Prospect for Settlement

*Plaintiff's Position*:

As of the date of this letter, no viable settlement proposition has been proposed by Defendants. Nevertheless, Plaintiff is willing to consider such settlement if provided the opportunity.

As reflected in the accompanying Plan, Plaintiff is willing to participate in a settlement conference before a Magistrate Judge and would propose that the settlement conference take place within the next thirty days, if possible.

*Defendants' Position*:

The Borrower and Guarantor are willing to explore the possibility of an amicable settlement between the parties and would like to proceed with a settlement conference before a Magistrate Judge at the Court's earliest convenience.

We thank the Court for its consideration of this matter.

Honorable Paul A. Engelmayer, U.S.D.J.
April 26, 2024
Page 5

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: */s/ Stacey A. Lara*
    Keith M. Brandofino
    Stacey A. Lara
    Dani Estis

*Attorneys for Plaintiff*

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

By: _____
    Blair A. Adams
    Toby E. Futter

*Attorneys for Defendants*