UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, *as Trustee for the Benefit of the Certificateholders of Natixis Commercial Mortgage Securities Trust 2022-JERI*,<br><br>                                        Plaintiff,<br><br>                -v-<br><br>JERICHO PLAZA PORTFOLIO LLC *et al*,<br><br>                                        Defendants. | 24 Civ. 917 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

This order resolves a discovery dispute. By letter motion, non-party Christopher Hamilton, a former employee for special servicer Midland Loan Services ("Midland"), moves to quash a subpoena for his deposition testimony, Dkt. 131 at 3 (the "Subpoena"), served by defendants Jericho Plaza Portfolio LLC ("Jericho Plaza") and Menachem Meisner ("Meisner" and collectively, "defendants"). For the reasons that follow, the Court denies the motion to quash and sustains the subpoena.

In this action, plaintiff U.S. Bank Trust Company, National Association ("U.S. Bank Trust"), as trustee for a mortgage-backed securities trust, acting by and through Midland, sues defendants. It seeks mortgage foreclosure, security interest foreclosure, possession, and breach of guaranty, all in connection with a mortgage loan secured by real property located at One Jericho Plaza and Two Jericho Plaza, Jericho, New York 11753 (the "Property"). Defendants contend that Hamilton's testimony is relevant to, *inter alia*, U.S. Bank Trust's physical waste claim because he has personal knowledge of the Property's condition at the time it was transferred to the Receiver. Dkt. 134 at 1–2. His personal knowledge, they argue, is also

1

relevant to U.S. Bank Trust's limited-recourse claim, because Hamilton assessed the Property's operating expenses in light of its physical condition. *Id* at 2.

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 45(d)(3)(A) directs the Court to quash or modify subpoenas only in limited circumstances, such as where the subpoena "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." To survive a motion to quash, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Alex & Ani, Inc. v. MOA Int'l Corp.*, No. 10 Civ. 4590, 2011 WL 6413612, at *3 (S.D.N.Y. Dec. 21, 2011) (citation omitted). However, "[t]he movant bears the burden of persuasion." *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11 Civ. 1590, 2013 WL 57892, at *2 (S.D.N.Y. Jan. 4, 2013).

Here, defendants seek Hamilton's testimony concerning his calculations, declarations, and inspection of the Property, whose condition and alleged mismanagement are germane to claims at issue. Dkt. 134 at 1–2. Hamilton does not claim his testimony is privileged, and it clearly is not. Instead, he states, in conclusory fashion, that the deposition would be "unduly burdensome" and "harassment." Dkt. 131 at 2. In support of his motion to quash, U.S. Bank contends that his testimony would be an undue burden because it has already produced Hamilton's business records, and defendants have already deposed his supervisor, Chad Milbrandt, who either did or could have testified on these topics. Dkt. 134 at 3.[1]

---

[1] Hamilton and U.S. Bank also contend that compliance would pose an additional burden because he lives in Dallas, Dkt. 131 at 1, Dkt. 134 at 3, but the deposition is to take place in Dallas, Dkt. 131 at 3. Accordingly, Hamilton's location is a non-issue.

2

These arguments are not persuasive. "[R]elevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). Hamilton is the only Midland representative who visited the Property around the time of transfer. He also performed analyses of the Property's budgets and revenue, which concern U.S. Bank's misappropriation claims. His testimony is clearly relevant to the claims and defenses in this litigation, and some of it appears uniquely to be available through his deposition. Accordingly, the Court sustains the subpoena and permits defendants to depose Hamilton on relevant topics.

## CONCLUSION

For the reasons discussed above, the Court denies Hamilton's motion to quash.

The Clerk of Court is respectfully directed to terminate the motions pending at Dockets 131 and 133.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: December 12, 2024
       New York, New York

3