**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF NATIXIS COMMERCIAL MORTGAGE TRUST 2022-JERI, COMMERCIAL MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2022-JERI, acting by and through Midland Loan Services, a division of PNC Bank, National Association as Special Servicer under the Trust Servicing Agreement dated as of April 18, 2022,<br><br>*Plaintiff*,<br><br>v.<br><br>JERICHO PLAZA PORTFOLIO LLC; MENACHEM MEISNER; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; LIBERTY ELEVATOR CORPORATION; JE GRANT ASSOCIATES LLC d/b/a ENERGY PLUS, RMAC SUPPLIES, SOUTH SHORE BUILDING MAINTENANCE, CORP., PRICE, MEESE, SHULMAN & D'ARMINIO, P.C., SOLUTIONS and "JOHN DOE" NO. 1 THROUGH "JOHN DOE" NO. 100,<br><br>*Defendants*. | Civil Action No. 24-cv-00917<br><br>**STIPULATION AND ORDER** |

Plaintiff U.S. Bank Trust Company, National Association, as Trustee for the Benefit of the Certificateholders of Natixis Commercial Mortgage Securities Trust 2022-JERI, Commercial Mortgage Pass-Through Certificates, Series 2022-JERI ("Plaintiff"), acting by and through Midland Loan Services, a division of PNC Bank, National Association, as Special Servicer under the Trust and Servicing Agreement, dated as of April 18, 2022, and defendants Jericho Plaza Portfolio LLC ("Borrower") and Menachem Meisner ("Guarantor"), and collectively, "Defendants" and, together with Plaintiff, the "Parties," hereby submit this stipulation setting forth their agreement as follows:

**WHEREAS**, the Parties have met and conferred regarding a process for the potential resolution of this dispute, and Defendants agree not to oppose an order adjudging Defendants liable

1

under Count I (Foreclosure of Mortgage), Count II (Security Interest Foreclosure), and Count III (Possession) of the Amended Complaint, ECF No. 147 ¶¶ 89–106 (the "Foreclosure Claims"), subject to the other relief set forth in this Stipulation and [Proposed] Order.[*]

**WHEREAS,** the Parties wish to sever the claims against Guarantor in Count V (Breach of the Guaranty) of the Amended Complaint, ECF No. 147 ¶¶ 113–125 (the "Recourse Liability Claims"), before incurring the time and expense of briefing summary judgment on those claims;

**WHEREAS,** to facilitate the opportunity to engage in further settlement discussions, the Parties agree to participate in a non-binding mediation regarding the Recourse Liability Claims within 60 days after the entry of this Order.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AGREED AND ORDERED,** by and between the undersigned Parties, through their respective counsel, as follows:

**ORDERED** that summary judgment is entered on stipulation of the Parties against Jericho Plaza Portfolio LLC as to liability with respect to the First, Second, and Third Causes of Action (collectively defined above as the "Foreclosure Claims") of the Complaint; and it is further

**ORDERED** that this action be and the same is hereby referred pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72 to a Magistrate Judge to ascertain and compute the amount of the judgment of foreclosure; and it is further

**ORDERED** that Plaintiff shall submit briefing on the amount of the judgment of foreclosure on the following schedule unless ordered otherwise by the Magistrate Judge:

- Plaintiff's opening brief due within 21 days of the entry of this Order;
- Defendants' opposition, if any, to Plaintiff's calculation of the judgment amount;

---

[*] For completeness, the Parties note that Count IV of the Amended Complaint, ECF No. 147 ¶¶ 107-112, was resolved by this Court's Order Appointing Receiver, ECF No. 33.

within 51 days of entry of this Order; and

- Defendants reply brief, if any, within 65 days of entry of this Order.

**ORDERED** that the Parties shall use reasonable best efforts to schedule a private, non-binding mediation on the Recourse Liability Claims within 60 days of the entry of this Order; and it is further

**ORDERED** that the Recourse Liability Claim are hereby severed for later determination of the Guarantors' liability, if any, after the sale of the Properties if a deficiency remains; and it is further

**ORDERED** that summary judgment briefing on the Recourse Liability Claims is adjourned *sine die*; and it is further

**ORDERED** that the Parties shall provide an update by joint letter submission via ECF to the Court as to the status of the mediation within 7 days of the mediation date.

| | |
|---|---|
| New York, New York<br>Dated: March 10, 2025 | New York, New York<br>Dated: March 10, 2025 |
| | **QUINN EMANUEL URQUHART &<br>SULLIVAN LLP** |
| **HOLLAND & KNIGHT LLP** | |
| By: /s/ Stacey A. Lara<br>   Keith M. Brandofino<br>   Stacey A. Lara<br>   Maryanne Pederson<br>   Dani Estis | By: /s/ Blair A. Adams<br>   Blair A. Adams<br>   Toby Futter<br>   Evan Hess<br>   Alec Bahramipour |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

New York, New York

Dated: ____March 11____, 2025

                                          **SO ORDERED.**

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge