UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF NATIXIS COMMERCIAL MORTGAGE SECURITIES TRUST 2022- JERI, COMMERCIAL MORTGAGE PASSTHROUGH CERTIFICATES SERIES 2022-JERI, acting by and through Midland Loan Services, a division of PNC Bank, National Association as Special Servicer under the Trust Servicing Agreement dated as of April 18, 2022,<br><br>       Plaintiff,<br><br> -against-<br><br>JERICHO PLAZA PORTFOLIO LLC, et al.,<br><br>       Defendants. | 24-CV-00917 (PAE) (RFT)<br><br>**<u>SCHEDULING ORDER<br>FOR DAMAGES INQUEST</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

  On March 11, 2025, Judge Paul A. Engelmeyer endorsed a stipulation between Plaintiff and Defendants Jericho Plaza Portfolio LLC ("Borrower") and Menachem Meisner ("Guarantor"), ordering, 1) liability in favor of Plaintiff against Borrower and Guarantor on Plaintiff's claims of Foreclosure of Mortgage, Security Interest Foreclosure, and Possession (the "Foreclosure Claims"); 2) the parties request for a referral of the computation of damages to a Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72; and 3) a briefing schedule on the amount of judgment damages to be awarded to Plaintiff on its Foreclosure Claims. (*See* ECF 174, Stipulation and Order.) On April 16, 2025, Plaintiff filed a declaration (the "Damages Declaration") in support of its damages award (ECF 184, Pl.'s Decl. in Support of Damages). On June 23, 2025, Borrower Defendants opposed the Damages Declaration (ECF 187, Response in Opposition to Plaintiff's Decl. in Support of Damages), and Plaintiff replied on June 23, 2025 (ECF 190, Pl.'s Reply Affidavit in Further Support of Damages). On July 18, 2025, Judge Engelmayer amended my order of reference (ECF 98) to include a

report and recommendation detailing the amounts due to Plaintiff, as per the parties stipulation at ECF 174 (the "Stipulation"). (*See* ECF 191.)

Accordingly, it is ORDERED that:

1. <u>Proposed Findings of Fact and Conclusions of Law</u>. No later than **September 10, 2025,** Plaintiff shall file its Proposed Findings of Fact and Conclusions of Law concerning all damages and other monetary relief permitted in connection with the Stipulation. The Proposed Findings of Fact and Conclusions of Law shall contain a concluding paragraph that succinctly summarizes the exact dollar amount of the damages (or other monetary relief) sought, as well as the precise terms of any non-monetary relief sought from Borrower and Grantor (together, "Damages Defendants").

2. <u>Damages</u>. Plaintiff must provide evidence sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Consequently, if Plaintiff seeks actual (as opposed to statutory or nominal) damages, the Proposed Findings of Fact must be supported by one or more declarations or affidavits, which may attach and authenticate any documentary evidence needed to establish the proposed damages. All evidence submitted in support of Plaintiff's request for damages or other relief must be in admissible form. Each proposed finding of fact shall be followed by a citation to the paragraph of the declaration and/or page of documentary evidence that supports each such proposed finding. In addition, the Proposed Findings of Fact should demonstrate how Plaintiff has arrived at the proposed damages figure and should specifically tie the proposed damages to its legal claim(s) against Damages Defendants. To the extent the proposed damages are supported by calculations, native versions of the files with calculations (i.e., versions of the files in their original format, such as in ".xlsx"), must be emailed to Chambers at TarnofskyNYSDChambers@nysd.uscourts.gov.

3. <u>Attorneys' Fees</u>. Any request for attorneys' fees must be supported by contemporaneous time records authenticated by counsel and showing, for each attorney or other timekeeper, the date of service, the hours expended, the hourly rate charged (if applicable), and the nature of the work performed. Plaintiff must also submit admissible evidence identifying each attorney or other timekeeper and describing his or her background and qualifications, as well as evidence documenting Plaintiff's costs and expenses.

4. <u>Service</u>. Prior to filing, Plaintiff shall serve Damages Defendants with Plaintiff's Proposed Findings of Fact and Conclusions of Law, together with supporting materials and a copy of this Order. Plaintiff shall file proof of such service along with their Proposed Findings of Fact and Conclusions of Law. *See* Local Civil Rule 55.2(c) ("[A]ll papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b)" must be "mailed to the party against whom a default judgment is sought," and proof of such mailing "shall be filed with the Court.").

5. <u>Opposition</u>. No later than **September 24, 2025**, Damages Defendants shall serve upon Plaintiff's counsel and file with the Court their responses, if any, to Plaintiff's Proposed Findings of Fact and Conclusions of Law and supporting materials.

6. <u>Inquest on Written Submissions</u>. The Court hereby notifies the parties that it may conduct the inquest based solely upon the written submissions of the parties. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) ("[A]ffidavits, evidence, and oral presentations by opposing counsel" constituted "sufficient basis from which to evaluate the fairness of the . . . sum" without the need for a separate hearing on damages); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 523-24, 526-27 (S.D.N.Y. 2012) (adopting magistrate judge's report and recommendation on damages, issued after referral for inquest into damages following default judgment against the defendant, without an evidentiary hearing). To the extent any

party seeks an evidentiary hearing on the issue of damages or other monetary relief, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing, and the nature of the evidence that would be submitted.

If Plaintiff intends to rely on any prior submissions for any of the above-listed requirements for supporting its application for a damages judgment against Damages Defendants, then Plaintiff shall so state in a letter, to be filed by **September 10, 2025**, which letter must (a) identify the requirement for which Plaintiff intends to rely on a prior submission and (b) identify the ECF docket number(s) and page(s) on which Plaintiff intends to rely to support each such requirement.

DATED: August 27, 2025
       New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge