UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF NATIXIS COMMERCIAL MORTGAGE SECURITIES TRUST 2022- JERI, COMMERCIAL MORTGAGE PASSTHROUGH CERTIFICATES SERIES 2022-JERI, acting by and through Midland Loan Services, a division of PNC Bank, National Association as Special Servicer under the Trust Servicing Agreement dated as of April 18, 2022, <br><br>                                  Plaintiff, <br><br>     -against- <br><br> JERICHO PLAZA PORTFOLIO LLC, et al., <br><br>                                  Defendants. | 24-CV-00917 (PAE) (RFT) <br><br> **SCHEDULING ORDER** <br> **FOR DAMAGES INQUEST** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

This matter is before me for an inquest on damages. (ECF 191, Am. Order of Ref.) On August 27, 2025 , I issued a Scheduling Order for Damages Inquest (ECF 192) requiring, in part, that Plaintiff provide evidence sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty," *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The Scheduling Order provided that if Plaintiff sought actual (as opposed to statutory or nominal) damages, the Proposed Findings of Fact had to be supported by one or more declarations or affidavits, which could attach and authenticate any documentary evidence needed to establish the proposed damages. All evidence submitted in support of Plaintiff's request for damages or other relief was required to be in admissible form.

On September 22, 2025, Plaintiff filed a Proposed Findings of Fact and Conclusions of Law supported by two Declarations and multiple exhibits. (ECF 195, Proposed Findings of Fact

and Conclusions of Law; ECF 196, Declaration of Steve Britt ("Britt Decl."); ECF 197, Declaration of Stacey A. Lara ("Lara Decl.").) On October 17, 2025, Defendant filed their Memorandum of Law in Opposition to Plaintiff's Proposed Findings of Fact and Conclusions of Law. (ECF 200, Def.'s Opp.)[1] I have reviewed Plaintiff's submissions and determined that they do not contain all the information necessary to support Plaintiff's claimed damages.

### Deficiencies in Plaintiff's Submissions

**Interest Rate.** Plaintiff seeks $2,889,056.99 in interest as well as $14,696,368.72 in default interest, as a part of their overall damages claim. The loan agreement (*see* ECF 6-1, Loan Agreement[2]) defines the interest rate for an SOFR loan, such as the loan at issue, as "the Spread **plus the applicable SOFR Index** for such Interest Period" (*id.* at 18). According to Plaintiff, the spread is 3.5003% (*id*. at 31). However, the SOFR index changes each day. Plaintiff has not furnished the Court with any information about the rate used for the interest requested, and whether the daily index changes were taken into account.

**Property Protection Advances.** Plaintiff seeks $63,888.66 in Property Protection Advances, consisting of $55,034.60 in special servicing fees, $7,500 in payoff processing fees, $1,354.06 in property inspection costs. (See ECF 196, Britt Decl. ¶¶ 66-70.) The exhibits provided are insufficient as they (1) only show proof of special servicing fees, (2) do not include proof of a property inspection or payoff processing fees, and (3) do not explain the basis for how those numbers were calculated.

---

[1] On October 9, 2025, Defendant filed a letter motion requesting a 4-day extension to file its opposition. (ECF 198, Def. Letter.) I granted that request on October 10, 2025. (ECF 199, Order.)

[2] The Britt Decl. cites and incorporates the Loan Agreement filed on the Docket at ECF 6-1.

## Order To Supplement

Plaintiffs have failed to substantiate all of their claimed damages to a reasonable certainty. In the interest of justice, I will afford Plaintiffs another opportunity to explain their proposed damages calculations. Accordingly, is it ORDERED that, by **December 5, 2025**, Plaintiffs shall make a supplemental submission in further support of their claimed damages that:

1. Provide more information on how the requested interest and default interest was calculated, specifically providing the interest rate or rates from the Closing Date to October 1, 2025.

2. Provide proof of property inspection and payoff processing fees.

3. Provide more information on how the special servicing fees, payoff processing fees, and property inspection costs were calculated.

DATED: November 24, 2025
         New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge