UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF NATIXIS COMMERICAL MORTGAGE SECURITIES TRUST 2022-JERI, Commercial Mortgage Pass-Through Certificates Series 2022-JERI, acting by and through Midland Loan Services, a division of PNC Bank, National Association as Special Servicer under the Trust Servicing Agreement dated as of April 18, 2022,<br><br>                    Plaintiff,<br><br>        -against-<br><br>JERICHO PLAZA PORTFOLIO LLC, et al.,<br><br>                    Defendants. | 24-CV-0917 (PAE) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

By Amended Order of Reference dated July 18, 2025 (ECF 191), this matter was referred to me for an inquest on damages. On August 27, 2025, I issued a Scheduling Order for Damages Inquest (ECF 192) requiring, in part, that Plaintiff provide evidence sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty," *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Plaintiff filed Proposed Findings of Fact and Conclusions of Law in support of the requested award (ECF 195, Proposed Findings), along with the Declarations of Steve Britt (ECF 196, First Loan Damages Decl.) and Stacey A. Lara (ECF 197, Attorneys' Fees Decl.).

Plaintiff seeks to recover, among other amounts, interest of $2,889,056.99 and default interest of $14,696,368.72. (*See* ECF 196, First Loan Damages Decl. at 19.) On November 24, 2025, I directed Plaintiff to make a supplemental submission by December 5, 2025 on certain

aspects of the calculation of the amount owed to Plaintiff by Borrower, including the calculation of the Interest Rate and Default Interest Rate as defined in the Loan Agreement. (*See* ECF 201, Order.) Plaintiff's supplemental filing (ECF 202) does not contain all the information requested. In particular, while the supplemental filing documents the interest rate for each component of the Loan on a monthly basis, the supplemental filing does not explain how Plaintiff arrived at those interest rates. My calculation of the interest rates yielded rates that were approximately one percentage point higher than the rates charged by Plaintiff.

I have identified additional ways that Plaintiff has failed to substantiate its claimed damages to a reasonable certainty. Plaintiff supports the amount of unpaid interest with a payoff quotation for the Loan (ECF 196-2). The quotation states: "This quote is based on interest paid to 07/09/2025, and includes interest to 10/01/2025." (*Id.* at 2.) The quotation indicates that the daily amount of unpaid interest on the Loan was $33,774.60 and the daily default interest amount was $26,717.90. However, multiplying the daily amounts by 631 (the number of days in the period of default as of October 1, 2025) (*see* ECF 196, First Damages Decl. ¶¶ 55, 59) leads to amounts higher than the requested interest amounts. While one can infer that the amounts requested reflect interest paid by Borrower after the default on January 9, 2024, Plaintiff never explicitly states that the amount requested reflects such offsets and Plaintiff does not calculate the amount of such offsets. For example, multiplying the daily amount of unpaid interest ($33,774.60) by 631 yields a figure of more than $21 million in accrued interest during the relevant interest period, but Plaintiff's submission does not demonstrate how only $2,889,056.99 of interest remains unpaid.

2

## **Order To Supplement**

In the interest of justice, I will afford Plaintiff another opportunity to explain its proposed damages calculations. Accordingly, is it ORDERED that, by **January 23, 2026**, Plaintiff shall make a second supplemental submission in further support of its claimed damages that:

1.  Shows how Plaintiff calculated the Interest Rate and the Default Interest Rate for each Component of the Loan as of January 9, 2024; and

2.  Shows how Plaintiff calculated the requested accrued interest of $2,889,056.99 at the Interest Rate and accrued interest of $14,696,368.72 at the Default Interest Rate, including an explanation of the sources and amounts of any offsets from interest payments used to calculate the requested amounts of interest.

Dated: January 20, 2026
New York, NY

SO ORDERED,

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

3