Case 1:24-cv-00917-PAE-RFT Document 217 Filed 07/10/26 Page 1 of 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, SOLELY IN ITS CAPACITY AS TRUSTEE FOR NATIXIS COMMERCIAL MORTGAGE SECURITIES TRUST 2022-JERI, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2022-JERI (FOR THE BENEFIT OF THE CERTIFICATEHOLDERS), acting by and through KeyBank National Association as Special Servicer under the Trust Servicing Agreement dated as of April 18, 2022,<br><br>Plaintiff,<br><br>v.<br><br>JERICHO PLAZA PORTFOLIO LLC; MENACHEM MEISNER; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; LIBERTY ELEVATOR CORPORATION; JE GRANT ASSOCIATES LLC d/b/a ENERGY PLUS SOLUTIONS; RMAC SUPPLIES; SOUTH SHORE BUILDING MAINTENANCE, CORP.; PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.; and "JOHN DOE" NO. 1 THROUGH "JOHN DOE" NO. 100,<br><br>The names of the "John Doe" Defendants being Fictitious and Unknown to Plaintiff, the Persons and Entities Intended Being Those Who May Be in Possession of, or May Have Possessory Liens or Other Interests in, the Premises Herein Described,<br><br>Defendants. | Civil Action File No. 1:24-cv-00917-PAE<br><br>**~~[PROPOSED]~~ AMENDED ORDER & JUDGMENT** |

**THIS MATTER** is before the Court on application by plaintiff U.S. Bank Trust Company, National Association, solely in its capacity as Trustee ("Trustee") for Natixis Commercial Mortgage Securities Trust 2022-Jeri, Commercial Mortgage Pass-Through Certificates, Series 2022-Jeri (the "Trust"), for the benefit of the Certificateholders ("Plaintiff"), acting by and through its special servicer, KeyBank National Association ("KeyBank"), effective as of July 23, 2025, when KeyBank was appointed as the successor special servicer to Midland Loan Services, a

Case 1:24-cv-00917-PAE-RFT Document 217 Filed 07/10/26 Page 2 of 12

division of PNC Bank National Association ("Midland"), pursuant to the Trust and Servicing Agreement dated as of April 18, 2022, for an Order entering a Final Judgment of Foreclosure pursuant to Rule 54 of the Federal Rules of Civil Procedure ("FRCP") in favor of Plaintiff and against defendant Jericho Plaza Portfolio LLC ("Borrower," together with Plaintiff, the "Parties," and each individually, a "Party"), and permitting Plaintiff to foreclose its mortgage lien encumbering the real property that is the subject of this action and as more fully described in the applicable mortgage instrument, and granting such other and further relief that the Court deems just and proper. Upon review of that certain Stipulation and Order, dated and filed herein on March 11, 2025 (ECF No. 174), by which the Parties consented to the entry of a judgment of liability in favor of Plaintiff and against Borrower on the first, second, and third causes of action (the "Foreclosure Causes of Action"), as well as that certain Opinion and Order dated February 19, 2026 (ECF No. 206) and the corresponding judgment entered by the Clerk of the Court on February 24, 2026 (ECF No. 207, together with ECF No. 206, the "February 2026 Order"), by which this Court, *inter alia*, adopted the Report and Recommendation of the Hon. Robyn F. Tarnofsky, dated and filed herein on January 30, 2026 (ECF No. 205). On April 1, 2026, Plaintiff filed a standalone proposed Order & Judgment (ECF No. 208), seeking to amend the February 2026 Order, which was entered on May 7, 2026 (ECF No. 209). Having conferred, the Parties have agreed and consented to the filing of this [Proposed] Amended Order & Judgment (this "Judgment") to correct, among other things, the total amount due to Plaintiff. For good cause shown, it is:

**ORDERED, ADJUDGED AND DECREED**, that this Judgment supersedes, replaces, and vacates ECFs Nos. 207 and 209 in their entirety; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff is hereby granted final judgment as to the Foreclosure Causes of Action; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the amount due to Plaintiff under the loan documents that are the subject of this action is **$174,890,603.92** (the "Foreclosure Amended Judgment Amount"), calculated as follows:

| | |
|---|---|
| Principal Balance | $149,180,000.00 |
| Accumulated Interest at Note-Rate Interest calculated beginning on January 9, 2024 through and including October 1, 2025 (at the per diem rate of $33,774.60) | $2,889,056.99 |
| Accumulated Interest at Default Rate calculated beginning on January 9, 2024 through and including October 1, 2025 (at the per diem rate of $26,717.90) | $14,322,936.73 |
| Accumulated Interest on Property Protective Advances calculated beginning on January 9, 2024 through and including October 1, 2025 | $129,999.20 |
| Accumulated Note-Rate Interest calculated beginning on October 2, 2025 through and including February 23, 2026 (145 days) | $4,747,881.40 |
| Accumulated Default Interest calculated beginning on October 2, 2025 through and including February 23, 2026 (145 days) | $3,314,583.30 |
| Property Protective Advances and Fees | $ 643,922.65 |
| Unapplied Funds | ($337,776.35) |
| **TOTAL AMOUNT DUE as of February 23, 2026** | **$174,890,603.92** |

and it is further

**ORDERED, ADJUDGED AND DECREED**, that pursuant to the February 2026 Order, Plaintiff is entitled to post-judgment interest on the original foreclosure judgment of $166,828,139.22 from February 24, 2026 through and including the date of transfer of title at a rate calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding February 24, 2026; and it is further

Case 1:24-cv-00917-PAE-RFT Document 217 Filed 07/10/26 Page 4 of 12

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff is entitled to post-judgment interest on the excess amount of $8,062,464.70 (being the difference between the Foreclosure Amended Judgment Amount of $174,890,603.92 and the original foreclosure judgment of $166,828,139.22) from the date of entry of this Judgment through and including the date of transfer of title at a rate calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date of entry of this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the certain real property and improvements thereon located at One Jericho Plaza and Two Jericho Plaza, Jericho, New York (Section: 11; Block: 355; Lots: 31 and 32), and as more particularly described in Exhibit A annexed hereto and made a part hereof (collectively, the "Mortgaged Premises"), or such part thereof as may be sufficient to discharge the mortgage debt, and the expense of the sale and the costs of this action as provided by the New York Real Property Actions and Proceedings Law ("RPAPL"), be sold in one parcel at public auction pursuant to the terms thereof, by and under the direction of Ian V. Lagowitz of Triglid IVL Group ("Receiver") who is hereby appointed Receiver for that purpose; that the said Receiver give public notice of the time and place of such sale in accordance with RPAPL § 231 and the law and practice of this Court in *The Wall Street Journal* and that Plaintiff or any other parties to this action may become the purchaser(s) at such sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Receiver shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Receiver in cash or by certified or bank check payable to such Receiver, ten percent (10%) of the sum bid and shall execute the Terms of Sale

for the purchase of the premises; unless Plaintiff becomes the purchaser at said sale, Plaintiff shall not be required to make any deposit thereon; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in the event that the first successful bidder fails to immediately pay the ten percent (10%) deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the Mortgaged Premises, the Mortgaged Premises shall thereafter immediately, on the same day, be reoffered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the closing of title shall take place at the office of the Receiver or at such location as the Receiver shall determine within forty-five (45) days after such sale unless otherwise stipulated by all parties. The Receiver shall transfer title only to the successful bidder at the auction, except if Plaintiff is the successful bidder, in which case Plaintiff may assign its bid and title may be transferred to its assignees. Any delay or adjournment of the closing beyond forty-five (45) days may be stipulated among the parties, with the Receiver's consent, up to ninety (90) days from the date of sale, but any adjournment beyond ninety (90) days may be set only with the approval of this Court; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Receiver deposit all funds received pursuant to this Order in his/her own name as Receiver in an account maintained at an FDIC-insured bank of the Receiver's choice within the Southern District of New York; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Receiver on receiving the proceeds of such sale shall forthwith pay therefrom:

**FIRST:** The statutory fees and commissions of said Receiver pursuant to CPLR § 8003(b) which shall not exceed $750 unless the sale price (the amount of the accepted bid) exceeds

$50,000. In the event the sale price exceeds $50,000 and additional compensation (including commissions) in excess of $750 is sought pursuant to CPLR § 8003(b), and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Receiver and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court.

Where surplus monies will be available following distribution of sums as provided herein, or where the parties are unable to agree to the Receiver's proper compensation under CPLR § 8003(b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of the equity of redemption. Such application shall be promptly submitted to the Court within five (5) days of the transfer of the deed and prior to filing the Report of Sale. The five (5) day period for payment of surplus money into Court as set forth in RPAPL § 1354(4), and the thirty (30) day period set forth in RPAPL § 1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR § 8003(a), Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $750, including compensation authorized pursuant to CPLR § 8003(a) for computation of the sum due to Plaintiff, may be accepted by the Receiver without Court approval and compliance with the filing provisions of Section 36.4 of the Rules of the Chief Judge.

Case 1:24-cv-00917-PAE-RFT Document 217 Filed 07/10/26 Page 7 of 12

**SECOND:** The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Receiver to be correct, copies of which shall be annexed to the Report of Sale.

**THIRD:** Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates, and any charges placed upon the Mortgaged Premises by a city agency which has priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

**FOURTH:** Said Receiver shall also pay to Plaintiff or its attorneys the sum of $**174,890,603.92**, plus a liquidation fee to be awarded in an amount to be determined following the foreclosure sale and any post-judgment interest accrued in accordance with this Judgment, less all amounts paid to Plaintiff on or after February 24, 2026; and it is further

**ORDERED, ADJUDGED AND DECREED,** that in case Plaintiff be the purchaser of said subject Mortgaged Premises at said sale, or in the event that the rights of the purchasers at said sale and the terms of sale under this Judgment shall be assigned to and be acquired by Plaintiff, and a valid assignment thereof filed with said Receiver, said Receiver shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to Plaintiff a deed of the premises sold upon the payment to said Receiver of the sum awarded to him or her under the above provisions marked "FIRST" "SECOND", and "THIRD" if such expenses were paid by the Receiver, or in lieu of the payment of said last mentioned amounts, upon filing with said Receiver receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Receiver for compensation and expenses, taxes, assessments, sewer rents, water rates, and priority liens of the

Case 1:24-cv-00917-PAE-RFT Document 217 Filed 07/10/26 Page 8 of 12

city agency, shall be allowed to Plaintiff and applied by said Receiver upon the amounts due to Plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to the said Receiver, upon delivery to Plaintiff of said Receiver's deed, the amount of such surplus; that said Receiver on receiving said several amounts from Plaintiff shall forthwith pay therefrom said taxes, assessments, sewer rents and water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Receiver take the receipt of Plaintiff or Plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Clerk of this Court within five (5) days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of the Court, signed by a judge of the Court, that said Receiver make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Clerk of this Court within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser, or within thirty (30) days of the decision of the Court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED**, that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, this Judgment shall be without prejudice to Plaintiff's Recourse Liability Claims, as defined in the Stipulation and Order dated March 11, 2025 (ECF No. 174), and to any and all defenses that Defendant Menachem Meisner or Borrower may assert thereto; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser or purchasers at such sale be let into possession of the Mortgaged Premises on production or delivery of the Receiver's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each and all of the defendants in this action and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said Mortgaged Premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Mortgaged Premises to be sold in one parcel in "as is" physical order and condition, subject to:

- any state of facts that an inspection of the Mortgaged Premises would disclose;
- any state of facts that an accurate survey of the Mortgaged Premises would disclose;
- sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;
- covenants, reservations, restrictions, declarations, easements, rights of way and public utility agreements of record, if any;
- any building and zoning ordinances of the municipality in which the Mortgaged Premises is located and possible violations of same;
- any rights of tenants or persons in possession of the Mortgaged Premises other than tenants, or any portion thereof;
- any violations of record;
- prior lien(s) of record to the mortgage being foreclosed, if any, except those liens addressed in RPAPL § 1354;
- any equity of redemption of the UNITED STATES OF AMERICA to redeem the Mortgaged Premises within one hundred and twenty (120) days from the date of sale;

and it is further

**ORDERED**, that in the absence of the Receiver, the Court may designate a Substitute Receiver forthwith; and it is further

**ORDERED**, that a copy of this Judgment with Notice of Entry shall be served upon the designated Receiver, the owner of the equity of redemption as of the date of this Order, any tenants or occupants named in this action, and any other party entitled to notice no less than thirty (30) days prior to sale.

Date: July 10, 2026

ENTER:

Paul A. Engelmayer

PAUL A. ENGELMAYER, U.S.D.J.

Case 1:24-cv-00917-PAE-RFT Document 217 Filed 07/10/26 Page 11 of 12

# EXHIBIT A

Parcel I
All that certain plot, piece or parcel of land with any improvements existing thereon, being, lying and situated in Jericho, Town of Oyster Bay, County of Nassau, State of New York, being bounded and more particularly described as follows:

Beginning at a point formed by the intersection of the northerly side of the "North Service Road" of the Long Island Expressway (Interstate 495) also known as North Marginal Road with the southerly side of Jericho Turnpike (New York State Route 25),

Running thence, in an easterly direction along the southerly side of Jericho Turnpike the following two (2) courses and distances:

1. Along the arc of a curve to the right, Radius 493.00 feet, Length 206.32 feet,
2. North 52 degrees 50 minutes 04 seconds East, 1357.05 feet to the division line of Tax Lots 31 and 32,

Running thence along the aforementioned division line, South 36 degrees 12 minutes 08 seconds East, 923.09 feet to a point,

Running thence through and over Tax Lot 31 the following six (6) courses and distances:

1. South 53 degrees 46 minutes 05 seconds West, 29.48 feet,
2. North 36 degrees 09 minutes 16 seconds West, 351.64 feet,
3. South 53 degrees 50 minutes 44 seconds West, 456.70 feet,
4. South 36 degrees 09 minutes 16 seconds East, 84.37 feet,
5. South 09 degrees 55 minutes 28 seconds East, 28.60 feet,
6. South 36 degrees 07 minutes 44 seconds East, 275.61 feet to the northerly side of the "North Service Road" of the Long Island Express (Interstate 495) also known as North Marginal Road,

Running thence in an easterly direction along the northerly side of said "North Service Road" the following six (6) courses and distances:

1. Along the arc of a curve to the right, Radius 19279.57 feet, Length 122.39 feet,
2. South 03 degrees 58 minutes 52 seconds East, 1.00 feet,
3. Along the arc of a curve to the right, Radius 19280.57 feet, Length 518.67 feet,
4. South 87 degrees 33 minutes 37 seconds West, 125.94 feet,
5. Along the arc of a curve to the right, Radius 1200.00 feet, Length 568.71 feet,
6. North 65 degrees 17 minutes 09 seconds West, 65.53 feet to the southerly side of Jericho Turnpike (New York State Route 25) and place or point of beginning.

**FOR INFORMATION ONLY: Section: 11, Block: 355, Part of Lot 31**

(continued)

Case 1:24-cv-00917-PAE-RFT Document 217 Filed 07/10/26 Page 12 of 12

Parcel II

All that certain plot, piece or parcel of land with any improvements existing thereon, being, lying and situated in Jericho, Town of Oyster Bay, County of Nassau, State of New York, being bounded and more particularly described as follows:

Beginning at a point on the southerly side of Jericho Turnpike (New York State Route 25), as widened, said point being the following two (2) courses and distances from the intersection formed by the westerly side of Simpson Street with the southerly side of Jericho Turnpike before widening:

1. South 53 degrees 48 minutes 56 seconds West, 50.00 feet,
2. South 36 degrees 12 minutes 08 seconds East, 14.76 feet,

Running thence, from said point of beginning, along the westerly line lands of the County of Nassau, lands now or formerly of Fleet Homes, Inc, and the map of "Sacramento Homes" the following two (2) courses and distances:

1. South 36 degrees 12 minutes 08 seconds East, 1505.86 feet,
2. South 19 degrees 18 minutes 04 seconds West, 146.15 to the northerly side of the "North Service Road" of the Long Island Expressway (Interstate 495) also known as North Marginal Road,

Running thence in an easterly direction, along the north side of the "North Service Road" the following three (3) courses and distances:

1. Along the arc of a curve to the right, Radius 19280.57 feet, Length 610.63 feet,
2. North 04 degrees 40 minutes 07 seconds West, 1.00 feet,
3. Along the arc of a curve to the right, Radius 19279.57 feet, Length 45.52 feet (actual) 45.56 (deed) to the division line between Tax Lots 31 and 32,

Running thence along the aforementioned division line, North 36 degrees 12 minutes 08 seconds West, 1256.44 feet to the southerly side of Jericho Turnpike (New York State Route 25),

Running thence along the southerly side of Jericho Turnpike, North 52 degrees 50 minutes 04 seconds East, 693.16 feet to the place or point of beginning.

**FOR INFORMATION ONLY: Section: 11, Block: 355, Lot: 32**